## S10Y1608. IN THE MATTER OF ERIC SHAPIRO.

(704 SE2d 784)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Eric Shapiro (State Bar No. 637795) prior to the issuance of a formal complaint. Shapiro seeks to resolve two pending matters and seeks the imposition of a Review Panel reprimand for his violations of Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment and for a violation of Rule 1.4 is a public reprimand.

With respect to the first matter, Shapiro admits that he was retained to represent a client in connection with a dispute between the client and various contractors over renovation work done at the client's house. Shapiro filed suit and ultimately a mediated settlement was reached in April 2007 that required the client to pay the bills of the two subcontractors and take other actions within 45 days. Judgment was entered against Shapiro's client after the contractor filed suit to enforce the settlement when the subcontractors were not paid. In August 2007 Shapiro contacted the subcontractors' counsel to ascertain the amounts owed the subcontractors. Shapiro admits that he did not act with reasonable diligence and promptness and that his communications with his client were inadequate during the 45-day period following the mediated settlement.

With respect to the second matter, Shapiro admits that he was retained by another client to resolve a real property dispute between the client and the client's brother. The client wanted to resolve the dispute by having his brother transfer certain property to him and told Shapiro that three prior lawyers had been unsuccessful in achieving a resolution. Shapiro and the client had a difference of opinion as to what strategy to use, with Shapiro disagreeing with the client's desire to file a Quiet Title action. Shapiro ultimately withdrew. Shapiro admits that he violated Rule 1.4 by his failure to adequately respond to the client's communications about filing a Quiet Title action. After the client filed his grievance, Shapiro sent him a full refund, and the client asked that his grievance be withdrawn.

In mitigation, Shapiro, who was admitted to the Bar in 2000, states that he lacked a dishonest or selfish motive; with respect to the second matter, he made a timely good faith effort to rectify the consequences of his misconduct and make the client whole; he has made full and free disclosures; and he has displayed a cooperative attitude toward the disciplinary proceedings. He states that he received an Investigative Panel reprimand in 2008 and letters of admonition in 2002 and 2006.

The State Bar has filed a response recommending that the Court accept the petition. It states that its investigation showed that Shapiro was not as attentive to detail as he should have been, particularly while dealing with demanding clients. It also states that Shapiro has attended a session of Ethics school and that he has hired staff to assist in managing his practice.

Having reviewed the record, we conclude that a Review Panel reprimand is the appropriate sanction in this case, and we therefore accept the petition for voluntary discipline. Accordingly, the Court hereby orders that Shapiro receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for his admitted violations of Rules 1.3 and 1.4.

*Review Panel reprimand. All the Justices concur.*

DECIDED JANUARY 10, 2011.

*Paula J. Frederick, General Counsel State Bar, Kellyn O. McGee, Assistant General Counsel State Bar*, for State Bar of Georgia.