S11Y1357. IN THE MATTER OF SCOTT RICHARD KING.
(712 SE2d 70)

PER CURIAM.

This matter is before the Court on the petition for voluntary discipline filed by Scott Richard King (State Bar No. 421345), in which he seeks a Review Panel reprimand based on his mishandling and neglect of a client's civil matter.

In his petition, King makes the following admissions unconditionally. He was hired by a client to represent the client in a civil action in which the client had been sued on a bond. He filed an answer and third-party complaint on the client's behalf and communicated with the client regarding discovery. King knew the client's address, but, through his assistant, misaddressed two letters to the client regarding the motion for summary judgment filed by the plaintiff in the case. The client did not receive the letters informing him of the motion and because the client did not contact King about the motion, King assumed that the client had no further interest in

defending the case. Thus King did not respond to the motion on behalf of the client. The trial court granted the motion and entered judgment against King's client in the amount of $25,382.40. King thereafter effectively withdrew from representing the client, but did not notify the client of that fact and did not seek or obtain permission from the court to withdraw. King did not notify the client of the judgment. After the client learned of the judgment against him, his brother, who is an attorney, contacted King to obtain the case file in March 2010. King did not promptly surrender the case file and did not surrender it until August 25, 2010.

King admits that, by this conduct, he has violated Rules 1.3, 1.4, and 1.16 (c) and (d), of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 1.3 is disbarment and the maximum sanction for a violation of Rules 1.4 and 1.16 (c) and (d) is a public reprimand.

In mitigation, King states that other than an Investigative Panel reprimand in 2008, he has no other prior disciplinary record. He also states that the client had no viable defense to the motion for summary judgment, but acknowledges that this belief does not excuse his actions, and states that the client has a viable third-party complaint, which remains pending. He also states that he has provided the name of his malpractice insurance carrier to the client's counsel, that he is very remorseful for his misconduct, and he has cooperated with the State Bar in submitting this petition.

The State Bar responds that a reprimand is the appropriate sanction in this matter, *In the Matter of Shapiro*, 288 Ga. 455 (704 SE2d 784) (2011) and recommends that the Court accept the petition.

Having reviewed the record we agree that a Review Panel reprimand is the appropriate sanction in this matter. Accordingly, the Court hereby orders that King receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for his admitted violations of Rules 1.3, 1.4, and 1.16 (c) and (d).

*Review Panel reprimand. All the Justices concur.*

DECIDED JUNE 27, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.