In the Supreme Court of Georgia

Decided:   November 17, 2014

S15Y0115.IN THE MATTER OF MARY J. WORKMAN.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Respondent Mary J. Workman (State Bar No. 776625) pursuant to Bar Rule 4-227 (b) (2) before the issuance of a formal complaint. By this petition, Workman seeks to resolve four pending grievances and agrees to accept a reprimand for her multiple admitted violations of Rule 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). While the maximum sanction for such a violation is a public reprimand, we agree to accept the Respondent's request that this matter be resolved with a Review Panel Reprimand with conditions, as is recommended by the State Bar.

In her petition, Workman, who has been a member of the State Bar since 1979, admits that in 2011 four clients retained her to represent them in their separate legal matters, paying her retainers ranging from $350 to $3,000. Workman admits that she did not adequately communicate with these four

clients, causing at least three of them to have to hire new counsel to handle their matters. Workman claims that none of these clients' legal rights was ultimately harmed by her actions, that she has apologized to each client, and that she has begun repaying each client a small amount monthly as reimbursement for the fees paid to her. She notes, however, that one client has obtained a judgment against her and has refused to accept her monthly payments.

Workman admits that by her conduct she has repeatedly violated Rule 1.4 and that she has a prior disciplinary history, having received an Investigative Panel Reprimand in 2003. In mitigation, she asserts that the failure to communicate with these clients was caused in part by a combination of physical ailments that she began experiencing in late 2010 and pre-existing emotional issues. These conditions culminated in a multi-day hospital stay in 2013. Since then, however, Workman claims to have received appropriate medical treatment to address her physical ailments and is continuing to manage her emotional issues with the help of a therapist. Although Workman is now taking care of her conditions, she admits that the combination of ailments not only interfered with her ability to fully serve her clients, but also increased her expenses and decreased her ability to earn income, thereby depleting her financial resources.

2

Also in mitigation, Workman asserts that her failures to communicate did not stem from any dishonest or selfish motive, that she is remorseful and has apologized to her clients, that she has made a timely and good faith effort to make restitution and/or repay any losses by establishing and making payments under a repayment plan, that she has made full and free disclosure of her physical and emotional conditions to the disciplinary board and this Court, that she has had a productive and successful 35-year career as a lawyer, and that she is known to be a person of character and integrity within the Bar.

Workman asserts that based on negotiations with the State Bar's Office of General Counsel, she agrees to accept a reprimand as discipline for her violations. In addition, she agrees to the following conditions: (1) that she execute a promissory note in favor of each of the four clients for the full amount they paid to her and that she repay those notes pursuant to a payment plan (Workman acknowledges that the one client has returned her payments, but she nevertheless agrees to repay that client); (2) that she consult with the Law Practice Management Section of the Bar within 60 days after the Court's Order and follow its recommendations concerning her law practice; and (3) that for a period of one year, her treating psychiatrist and any other therapist who may

3

treat her will provide quarterly reports to the Bar.

After our review of the record, we agree to accept Workman's petition for voluntary discipline and agree that a Review Panel reprimand with the above-described conditions is appropriate discipline for Workman's admitted violations of Rule 1.4. See In the Matter of King, 289 Ga. 457 (712 SE2d 70) (2011). Accordingly, we hereby order that Workman receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 (b).

Petition for voluntary discipline accepted. Review Panel reprimand with conditions. All the Justices concur.

4