In the Supreme Court of Georgia

Decided:    January 19, 2016

S16Y0126.  IN THE MATTER OF NICHOLAS PAGANO.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Nicholas Pagano (State Bar No. 558935) prior to the issuance of a formal complaint. Pagano seeks a Review Panel reprimand for conduct involving the abandonment of one client's matter and the State Bar recommends that the Court accept Pagano's petition.

With regard to this matter, Pagano, who has been a member of the State Bar since 1986, admits that in 2008 a client hired him to represent her in a personal injury action; that he filed suit on the client's behalf in July 2008; that although he did some initial work on the client's case, he eventually stopped communicating with her; that he failed to appear at two separate calendar calls relating to the case; that at the second calendar call, the judge dismissed the client's case for want of prosecution; and that he did not tell the client the dismissal resulted from his failure to appear. Pagano admits that by his actions,

he violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum penalty for a violation of Rule 1.3 is disbarment, while the maximum penalty for a violation of Rule 1.4 is a public reprimand.

In mitigation, we note that Pagano is remorseful; that he did not act with a dishonest or selfish motive; that he has been hampered by significant eye and vision problems in recent years; and that he displayed a cooperative attitude toward the disciplinary proceedings. In aggravation, we note that Pagano received an Investigative Panel reprimand in 1992 and a Formal Letter of Admonition in 2002 and that he admits that he had "no excuse or reason" for his conduct in this matter.

The State Bar responded to the petition, asserting that a reprimand is the appropriate sanction in this matter, see In the Matter of King, 289 Ga. 457 (712 SE2d 70) (2011) (Review Panel reprimand resolving one disciplinary case arising from abandonment of a civil matter; prior Investigative Panel reprimand); In the Matter of Shapiro, 288 Ga. 455, 704 SE2d 784 (2011) (Review Panel reprimand resolving two disciplinary cases; prior Investigative Panel reprimand and two Formal Letters of Admonition), and recommending

that the Court accept the petition.

Having reviewed the record we agree that a Review Panel reprimand is an appropriate sanction in this matter. Accordingly, the Court hereby orders that Pagano receive a Review Panel reprimand in accordance with Bar Rules 4-102 (b) (4) and 4-220 for his admitted violations of Rules 1.3 and 1.4.

Petition for voluntary discipline accepted. Review Panel reprimand. All the Justices concur.