S05Y0741. IN THE MATTER OF WILLIAM H. NORTON.
(608 SE2d 614)

PER CURIAM.

This disciplinary matter is before the Court on the special master's report finding Respondent William H. Norton in violation of Rules 1.3 and 3.2 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), and recommending that he be suspended for 120 days with the term to begin after his current indefinite suspension is lifted. See *In the Matter of Norton*, 277 Ga. 523 (591 SE2d 833) (2004). The maximum penalty for a violation of Rule 1.3 is disbarment while the maximum penalty for a violation of Rule 3.2 is a public reprimand. As neither party timely filed a request for a review panel review, the matter is properly before this Court for disposition pursuant to Bar Rule 4-217 (c).

In a detailed report, the special master found that Norton was hired in November 2001 by a client to file for child visitation modification; that Norton filed the action in December 2001; that the client's former wife subsequently sought discovery, including infor-

mation related to the client's expenses, as the client allegedly was substantially in arrears on his child support obligations; that although the client gave Norton some of the documentation, he did not give Norton all of the requested documents and much of what he did give was fabricated; that the client's former wife subsequently filed a motion for contempt; that the court struck the client's complaint and ordered the client to pay attorney's fees; and that the client was threatened with arrest at a subsequent hearing. Although the special master found that appropriate notices of the contempt action and hearings on the modification were sent to Norton and that Norton was negligent in not timely checking his mail and messages, the special master concluded that Norton did not wilfully disregard his client's interests. The special master noted that Norton operated his practice out of his home and office in the fall of 2002; that he closed his office in December 2002; that despite the client's assertions, he communicated with the client throughout the modification proceedings; that he continued to represent the client even after the client filed a grievance against him; and that he acted consistently with advancing the client's interests as evidenced by the court's entry of an April 2003 final consent order in which the client received the specific visitation rights he desired and in which his child support obligations were clarified resulting in a substantial deduction of the arrearage. Based on what the special master deemed to be the reliable testimony of Norton and of opposing counsel in the modification action and the unreliable testimony of the client, the special master concluded that while Norton did not wilfully disregard his client's interests and actually acted consistently with advancing those interests, he did violate Rules 1.3 and 3.2 to the extent that he did not act expeditiously with regard to handling the client's case.

We have reviewed the record and agree with the special master that a 120-day suspension is appropriate in this matter. In considering the level of discipline to impose, we have considered numerous factors including Norton's prior disciplinary sanction in an unrelated matter which resulted in an indefinite suspension, and his otherwise unblemished record after having practiced approximately 30 years. Accordingly, Norton hereby is suspended from the practice of law in the State of Georgia for a period of 120 days with said suspension to begin after Norton satisfies the requirements for lifting the indefinite suspension imposed in *Norton*, supra. He is reminded of his duties under Bar Rule 4-219 (c).

*120-day suspension. All the Justices concur.*

DECIDED FEBRUARY 7, 2005.

*William P. Smith III, General Counsel State Bar, K. Gene Chap-*

*man, Assistant General Counsel State Bar*, for State Bar of Georgia.