S05Y1264, S05Y1345. IN THE MATTER OF MARC ALBERT PILGRIM (two cases).
(615 SE2d 509)

PER CURIAM.

These disciplinary matters are before the Court on Respondent Marc Albert Pilgrim's Petition for Voluntary Discipline in which he seeks the imposition of a six-month suspension in resolution of two disciplinary matters (State Disciplinary Board numbers 4679 and 4717). The State Bar has filed a response recommending that this Court accept Pilgrim's Petition for Voluntary Discipline. With regard to State Disciplinary Board number 4679, the special master also has recommended that the Court accept Pilgrim's petition. In his petition, Pilgrim admits having violated Rule 1.3 of Bar Rule 4-102 (d) of

the Georgia Rules of Professional Conduct in each of the disciplinary matters at issue. The maximum penalty for a violation of Rule 1.3 is disbarment.

In SDB No. 4679, Pilgrim was hired by a client in or about March 1996 to handle a legal matter involving a claim for wrongful termination of employment, and the client paid a portion of Pilgrim's retainer. Although the client failed to pay the balance of the retainer as had been negotiated, Pilgrim appeared with the client at a Georgia Department of Human Resources' hearing in June 1996. After the client alleged facts at the hearing that may have constituted a claim for age discrimination, the hearing officer suspended the hearing to allow Pilgrim to investigate whether it was necessary to file a complaint on the client's behalf with the Georgia Commission on Equal Opportunity. Pilgrim subsequently determined that sufficient facts did not exist to file a claim with the Georgia Commission on Equal Opportunity but he failed to inform the hearing officer for the Georgia Department of Human Resources of this decision and failed to ask the hearing officer to place the case on the hearings calendar within the time designated by statute. Consequently, when Pilgrim did ask for the case to be placed on the calendar, the hearing officer refused to do so as Pilgrim had failed to comply with the statutory requirements and the client lost his rights to pursue the claim.

In SDB No. 4717, Pilgrim was hired by a client in January 2000 to represent her in a sexual harassment and racial discrimination claim against her employer. Although Pilgrim filed a lawsuit on the client's behalf in February 2000, he failed to take any further action on her behalf; did not contact her to inform her about the status of her case; and filed a motion to dismiss the case without the client's authorization.

We have reviewed the record in each of these matters and agree with the State Bar that Pilgrim's petition should be accepted. Although Pilgrim was subjected to discipline in 2003 in the form of an Investigative Panel reprimand and such discipline does constitute an aggravating factor, we note in mitigation of discipline that in his petition, Pilgrim states that he is remorseful; accepts full responsibility for the conduct he admits to in his petition and for the resulting consequences; and states that he did not have a dishonest or selfish motive. Accordingly, we accept Pilgrim's petition. Pilgrim hereby is suspended from the practice of law in Georgia for a period of six months for his violations of Rule 1.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. Pilgrim is reminded of his duties under Bar Rule 4-219 (c).

*Six-month suspension. All the Justices concur.*

DECIDED JUNE 30, 2005.

*William P. Smith III, General Counsel State Bar, K. Gene Chapman, Assistant General Counsel State Bar*, for State Bar of Georgia.