304 Ga. 628
FINAL COPY

S18Y1513.  IN THE MATTER OF WILLIAM LESLIE KIRBY III.

PER CURIAM.

This disciplinary matter is before the Court on the June 27, 2018 report and recommendation of Special Master James Charles Thornton, recommending that the Court accept the petition for voluntary discipline filed by William L. Kirby II (State Bar No. 220475) to resolve four matters by imposing a State Disciplinary Review Board reprimand.[1] As detailed below, in each of the cases Kirby neglected his clients' matters, failed to communicate with his clients, and/or failed to fulfill his obligations upon withdrawal. Although the State Bar does not oppose the petition, we find that the requested sanction is insufficient in the light of the pattern of misconduct, the multiple clients harmed, and the lack of any assurance that the issues that led to Kirby's misconduct have been

---

[1] The petition for voluntary discipline sought, and the Special Master's report recommended, a "Review Panel" reprimand. But under this Court's January 12, 2018 order amending the Bar Rules, after July 1, 2018, the newly constituted State Disciplinary Review Board "shall perform the functions and exercise the powers of the Review Panel under the former rules." Rule 4-220 (b) now provides the procedure for imposition of a reprimand by the Review Board.

resolved. Therefore, we reject the petition.

Kirby was admitted to the Bar in 2008 and received an Investigative Panel reprimand in 2016. Four formal complaints were served on Kirby on the same day, October 18, 2017. With regard to State Disciplinary Board Docket ("SDBD") No. 6926, Kirby admits that he was retained in 2014 to represent a client in a child-support modification action and was paid $375. He filed the modification action, albeit later than he promised. When a motion for contempt was filed against his client, Kirby failed to appear at a 2016 hearing on the motion. The client was held in contempt for failing to pay child support and had income deduction orders entered against her. Kirby failed to respond to the client's multiple requests for information and failed to perform necessary work on the matter. Kirby admits that by this behavior he violated Rules 1.2, 1.3, and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

With regard to SDBD No. 6977, Kirby admits that a client retained him in 2012 to defend her against criminal charges. After the client was convicted, Kirby advised her to seek appointed counsel for the appeal but failed to file a notice of withdrawal even though he had no plans to represent her. Although Kirby gave a copy of his file to the client's family, he failed to respond to new

counsel's request for a copy of his file after counsel was appointed in July 2015. New counsel filed a motion in March 2016 to compel Kirby to produce his file, but Kirby failed to respond. Kirby admits that by his conduct he violated Rules 1.4 and 1.16.

With regard to SDBD No. 6978, Kirby admits that in February 2014 he was retained to represent a client in divorce proceedings. After a March 2015 mediation, the client refused to sign a negotiated agreement and informed Kirby that he wished to retain new counsel. Kirby gave the client a copy of his file and told the client that he was withdrawing. But he failed to file a notice of withdrawal with the court and failed to communicate with the client. As a result of Kirby's failure to withdraw properly, the client was unable to retain another attorney. Kirby admits that by this conduct he violated Rules 1.4 and 1.16.

Finally, with regard to SDBD No. 6979, Kirby admits that in 2011 a client hired him to file an uncontested divorce and paid him a $700 retainer. Although Kirby filed the petition for divorce in January 2012, he stopped communicating with the client and did not perform any additional work on the case until July 2013, when the parties negotiated and signed an agreement. Kirby prepared a final judgment and decree but did not file it with the court because the court

3

required the parties to attend a seminar for divorcing parents. Although Kirby informed the client of this requirement, the client did not attend the seminar. In February 2016, the client notified Kirby that he was terminating Kirby's services. Kirby failed to send the client his file, although he had promised to do so, and he did not properly withdraw from the representation. Kirby failed thereafter to respond to the client's inquiries and requests for a refund. Kirby admits that this conduct amounted to violations of Rules 1.2, 1.3, 1.4, and 1.16.

After Kirby failed to serve his answers as required under the then-applicable Bar rules, the State Bar filed a motion for default on December 5, 2017. Although the special master initially granted the motion for default and issued a report recommending an 18-month suspension conditioned on providing a certification from a licensed psychologist or psychiatrist that Kirby was mentally competent to return to the practice of law, he later granted Kirby's motion to open default,[2] based on the agreement of the parties that Kirby would submit a petition for voluntary discipline and submit to an assessment with a

---

[2] In his motion to open default, Kirby explained that he had submitted his answer to this Court via its e-filing system on November 17, 2017, attaching an e-mail confirmation that his filing was "successfully submitted" and informing him that he would be notified by e-mail when his filing was processed by the Clerk's office. He did not explain why he ignored the Court's November 20, 2017 notification that his filing was rejected.

licensed psychologist.

With his petition for voluntary discipline, Kirby submitted under seal the March 2018 report of a psychologist who performed the evaluation and found Kirby to be fit to practice law. Generally speaking, the psychologist's report discusses Kirby's statements regarding particular stress he was under, including the 2012 death of his father, an attorney with whom he shared office space, and the 2016 death of his mother. The psychologist noted various challenges Kirby faced in managing his practice and his stress. The psychologist made specific mental health recommendations but also expressed a concern about whether Kirby would follow through with his stated plans for personal and professional improvement. Kirby's petition for voluntary discipline provides no indication that he is following the psychologist's recommendations.

The maximum penalty for a violation of Rule 1.2 or Rule 1.3 is disbarment, and the maximum penalty for a violation of Rule 1.4 or Rule 1.16 is a public reprimand. The special master appropriately looked to the ABA Standards for Imposing Lawyer Sanctions, see In the Matter of Morse, 266 Ga. 652, 653 (470 SE2d 232) (1996), and determined that several mitigating circumstances applied, including the absence of a dishonest or selfish motive,

the existence of personal or emotional problems, and remorse.[3] In aggravation, the special master considered that Kirby had committed multiple offenses, engaged in a pattern of misconduct, and had received an Investigative Panel reprimand in 2016.[4]

Although the State Bar supports Kirby's request for the imposition of a Review Panel reprimand, we find that the cases on which it relies are not sufficiently similar: they did not involve the lengthy pattern of misconduct

[3] The special master relied on the following additional factors as mitigating: inexperience in the practice of law; timely good faith efforts to make restitution, based on Kirby's full refund to one client and partial refund to another client; Kirby's participation in an assessment with a psychologist who determined he was fit to practice; and Kirby's attendance at continuing legal education seminars "and additional seminars on small firm management, running a law firm and lawyer wellness." However, we do not find sufficient support in the record or case law for these factors. Most of Kirby's misconduct occurred after he had been practicing law for more than four years and involved the basic obligations to communicate with one's client and to follow clear rules governing withdrawal from representation; these obligations should be clear even to inexperienced lawyers. There is no indication in the record whether Kirby's partial payment of restitution was timely or made only after disciplinary proceedings had been initiated. See ABA Center for Professional Responsibility, Annotated Standards for Imposing Lawyer Sanctions (2015) at 464 ("Lawyers who make restitution before initiation of disciplinary proceedings present the best case for mitigation."). The psychological assessment was a condition of the Bar's agreement to open default. And the special master's finding about Kirby's attendance at legal seminars does not make clear that Kirby's seminar attendance went beyond that required of every Georgia lawyer. Cf. In the Matter of Gaines, 299 Ga. 662, 663 (791 SE2d 3) (2016) (performance of action ordered by sentencing court was not mitigating factor).

[4] The factual details underlying that reprimand are not contained in the record, but the special master's earlier report indicates that the reprimand was imposed for violations of Rules 1.2, 1.3, 1.4, 3.2, and 8.1.

6

present here. See <u>In the Matter of Smart</u>, 303 Ga. 156 (810 SE2d 475) (2018) (Review Panel reprimand for violations of Rules 1.1, 1.2 (a), 1.3, and 1.4 based on defaulting attorney's neglect of one client's matter before the Georgia Department of Education that resulted in matter being dismissed with prejudice); <u>In the Matter of Brown</u>, 296 Ga. 439 (768 SE2d 456) (2015) (Review Panel reprimand for violation of Rules 1.2 (a), 1.3, 1.4, and 1.16 (d) in representing one client in post-conviction criminal matter); <u>In the Matter of Free</u>, 290 Ga. 75 (717 SE2d 480) (2011) (Review Panel reprimand for violations of Rules 1.3, 1.4, 1.16 (d), and 8.1 in connection with neglect of one client's criminal matter); <u>In the Matter of King</u>, 289 Ga. 457 (712 SE2d 70) (2011) (Review Panel reprimand for violations of Rules 1.3, 1.4, and 1.16 (c) and (d) in connection with abandonment of one client's civil matter); and <u>In the Matter of Jones-Lewis</u>, 287 Ga. 581 (697 SE2d 836) (2010) (Review Panel reprimand for violations of Rules 1.3, 1.16, and 9.3 in connection with neglect of single pro bono matter).

Particularly when multiple clients are involved, suspension is often the appropriate sanction for an attorney's neglect of client matters. See <u>In the Matter of Johnson</u>, 303 Ga. 795 (815 SE2d 55) (2018) (six-month suspension for

7

violations of Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 (a) for neglect of seven client matters); In the Matter of Brantley, 299 Ga. 732 (791 SE2d 783) (2016) (180-day suspension with conditions upon reinstatement for violations of Rules 1.3, 1.4, 1.5 (c) (1), 1.16 (d), 5.5 (a), 8.1, and 9.3 in five disciplinary matters); In the Matter of Buckley, 291 Ga. 661 (732 SE2d 87) (2012) (four-month suspension for violations of Rules 1.3, 1.4, and 1.16 (d) for neglect of one client matter where lawyer had three prior disciplinary sanctions for similar conduct); In the Matter of Huggins, 291 Ga. 92 (727 SE2d 500) (2012) (six-month suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16, and 9.3 in five client matters). Here, based on the admitted facts, which include neglect of multiple clients over a period of several years, a prior disciplinary history, and questions about the lawyer's ongoing ability to comply with his professional obligations, we do not believe that a reprimand is a sufficient sanction. Accordingly, we hereby reject the petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

8

Decided October 22, 2018.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.