307 Ga. 316
FINAL COPY

S20Y0079. IN THE MATTER OF WILLIAM LESLIE KIRBY III.

PER CURIAM.

This is the second appearance of this disciplinary matter before the Court. We rejected the first petition for voluntary discipline filed by William Leslie Kirby III (State Bar No. 220475), despite the Special Master's recommendation that it be accepted and that Kirby receive a State Disciplinary Review Board reprimand for his admitted violations, in four separate State Bar matters, of Rules 1.2, 1.3, 1.4, and 1.16 (c) and (d), of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). See *In the Matter of Kirby*, 304 Ga. 628 (820 SE2d 729) (2018). The Special Master has now issued a second report and recommendation, recommending that this Court accept Kirby's second petition for voluntary discipline and impose a 30-day suspension from the practice of law. However, we find that a 30-day suspension is insufficient given the gravity of Kirby's misconduct in these four matters.

In *Kirby*, this Court recited the facts in the underlying matters as follows:

> With regard to State Disciplinary Board Docket ("SDBD") No. 6926, Kirby admits that he was retained in 2014 to represent a client in a child-support modification action and was paid $375. He filed the modification action, albeit later than he promised. When a motion for contempt was filed against his client, Kirby failed to appear at a 2016 hearing on the motion. The client was held in contempt for failing to pay child support and had income deduction orders entered against her. Kirby failed to respond to the client's multiple requests for information and failed to perform necessary work on the matter. Kirby admits that by this behavior he violated Rules 1.2, 1.3, and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).
>
> With regard to SDBD No. 6977, Kirby admits that a client retained him in 2012 to defend her against criminal charges. After the client was convicted, Kirby advised her to seek appointed counsel for the appeal but failed to file a notice of withdrawal even though he had no plans to represent her. Although Kirby gave a copy of his file to the client's family, he failed to respond to new counsel's request for a copy of his file after counsel was appointed in July 2015. New counsel filed a motion in March 2016 to compel Kirby to produce his file, but Kirby failed to respond. Kirby admits that by his conduct he violated Rules 1.4 and 1.16.
>
> With regard to SDBD No. 6978, Kirby admits that in February 2014 he was retained to represent a client in divorce proceedings. After a March 2015 mediation, the client refused to sign a negotiated agreement and informed Kirby that he wished to retain new counsel.

Kirby gave the client a copy of his file and told the client that he was withdrawing. But he failed to file a notice of withdrawal with the court and failed to communicate with the client. As a result of Kirby's failure to withdraw properly, the client was unable to retain another attorney. Kirby admits that by this conduct he violated Rules 1.4 and 1.16.

Finally, with regard to SDBD No. 6979, Kirby admits that in 2011 a client hired him to file an uncontested divorce and paid him a $700 retainer. Although Kirby filed the petition for divorce in January 2012, he stopped communicating with the client and did not perform any additional work on the case until July 2013, when the parties negotiated and signed an agreement. Kirby prepared a final judgment and decree but did not file it with the court because the court required the parties to attend a seminar for divorcing parents. Although Kirby informed the client of this requirement, the client did not attend the seminar. In February 2016, the client notified Kirby that he was terminating Kirby's services. Kirby failed to send the client his file, although he had promised to do so, and he did not properly withdraw from the representation. Kirby failed thereafter to respond to the client's inquiries and requests for a refund. Kirby admits that this conduct amounted to violations of Rules 1.2, 1.3, 1.4, and 1.16.

304 Ga. at 628-630.

This Court determined that, although the State Bar did not oppose the petition, the requested sanction of a Review Board reprimand was insufficient in light of the pattern of misconduct, the

multiple clients harmed, and the lack of any assurance that the issues that led to his misconduct had been resolved. *Kirby*, 304 Ga. at 628, 632. As to these issues, the Court noted that

> [w]ith his petition for voluntary discipline, Kirby submitted under seal the March 2018 report of a psychologist who performed [an] evaluation and found Kirby to be fit to practice law. Generally speaking, the psychologist's report discusses Kirby's statements regarding particular stress he was under, including the 2012 death of his father, an attorney with whom he shared office space, and the 2016 death of his mother. The psychologist noted various challenges Kirby faced in managing his practice and his stress. The psychologist made specific mental health recommendations but also expressed a concern about whether Kirby would follow through with his stated plans for personal and professional improvement. Kirby's petition for voluntary discipline provides no indication that he is following the psychologist's recommendations.

Id. at 630.

After this Court rejected Kirby's requested sanction, Kirby filed a second petition for voluntary discipline, seeking any range of discipline between a Review Board reprimand and a 30-day suspension. The facts remain largely the same, although Kirby has included greater detail, including highlighting some of the

4

difficulties he faced in representing the clients in these matters. In addition, he filed, under seal, a February 2019 letter from a licensed psychologist, confirming that Kirby "is currently under [his] care," and a personal statement by Kirby, in which he seeks to more fully explain the circumstances that led to these disciplinary matters. Kirby states that he has changed the scope and focus of his practice and that words cannot express the disappointment he has had in himself for his poor decision making, but that he is thankful that this process has led him to seek therapy and to gain some peace with the death of his parents.

In determining the appropriate level of discipline, the Special Master points to the American Bar Association ("ABA") Standards for Imposing Lawyer Sanctions as instructive, see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and notes that ABA Standard 3.0 provides that in imposing a sanction after a finding of lawyer misconduct, a court should consider the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating

factors; and that ABA Standard 4.43 provides that a reprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client. In mitigation, the Special Master notes, pursuant to ABA Standard 9.32, the absence of a dishonest or selfish motive; personal or emotional problems; restitution, with Kirby providing a full refund to the client in SDBD No. 6926 and a partial refund of fees to the client in SDBD No. 6979; and remorse. As further mitigation, the Special Master notes that Kirby underwent a psychological evaluation with a licensed psychologist who determined that he was fit to continue practicing law; that he attended counseling sessions through the Lawyer Assistance Program offered by the State Bar; that he continues to undergo treatment with a licensed psychologist; and that, as Kirby stated in mitigation in his second petition, he attended Continuing Legal Education courses and additional seminars on small firm management, running a law firm, and lawyer wellness.

In aggravation, the Special Master notes, pursuant to ABA

Standard 9.22, the multiple offenses involved, a pattern of misconduct, and his prior disciplinary offense, an Investigative Panel reprimand in 2016.

The Special Master states that, although the essential facts have not changed from the prior petition, it appears from Kirby's uncontested personal statement that he has continued to work in good faith with counsel for the State Bar to find a resolution of these disciplinary proceedings, including continuing to engage in psychological evaluation, working more diligently than before on managing his practice, and working closely with Bar counsel on his second petition. The Special Master notes that cooperation between Kirby and the State Bar has resulted in the State Bar recommending acceptance of the second petition within the same range as suggested by Kirby. Given the admissions of misconduct made by Kirby and our prior analysis and rejection of a Review Board reprimand, the Special Master recommends that we accept the second petition for voluntary discipline and impose a 30-day suspension from the practice of law.

However, as in our earlier opinion, "based on the admitted facts, which include neglect of multiple clients over a period of several years, a prior disciplinary history, and questions about the lawyer's ongoing ability to comply with his professional obligations," *Kirby*, 304 Ga. at 632, we do not believe that a 30-day suspension is a sufficient sanction, particularly in light of the fact that we previously have imposed suspensions of four months or more for similar conduct and rule violations. See *In the Matter of Johnson*, 303 Ga. 795 (815 SE2d 55) (2018) (six-month suspension for violations of Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 (a) for neglect of seven client matters); *In the Matter of Brantley*, 299 Ga. 732 (791 SE2d 783) (2016) (180-day suspension with conditions upon reinstatement for violations of Rules 1.3, 1.4, 1.5 (c) (1), 1.16 (d), 5.5 (a), 8.1, and 9.3 in five disciplinary matters); *In the Matter of Buckley*, 291 Ga. 661 (732 SE2d 87) (2012) (four-month suspension for violations of Rules 1.3, 1.4, and 1.16 (d) for neglect of one client matter where lawyer had three prior disciplinary sanctions for similar conduct); *In the Matter of Huggins*, 291 Ga. 92 (727 SE2d

8

500) (2012) (six-month suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16, and 9.3 in five client matters).  Accordingly, we reject Kirby's second petition for voluntary discipline.

*Petition for voluntary discipline rejected. All the Justices concur.*

DECIDED NOVEMBER 4, 2019.
Petition for voluntary discipline.
*Paula J. Frederick, General Counsel State Bar, William D.*

*NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.