309 Ga. 826
FINAL COPY

S20Y1261.  IN THE MATTER OF WILLIAM LESLIE KIRBY III.

PER CURIAM.

This is the third appearance of this disciplinary matter before the Court, following the rejection of two previous petitions for voluntary discipline.  See *In the Matter of Kirby*, 304 Ga. 628 (820 SE2d 729) (2018) ("*Kirby I*"); *In the Matter of Kirby*, 307 Ga. 316 (835 SE2d 637) (2019) ("*Kirby II*").  In this third petition, William Leslie Kirby III (State Bar No. 220475) again seeks voluntary discipline in connection with his admitted misconduct in four separate State Bar matters, yielding violations of Rules 1.2, 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). In adjudicating the previous two petitions, the Court first rejected the proposed imposition of a State Disciplinary Review Board reprimand and then rejected a proposed 30-day suspension, finding both sanctions insufficient given the gravity of Kirby's pattern of misconduct.  In the current petition, Kirby again requests the

imposition of a State Disciplinary Review Board reprimand, but states that he is "willing to accept" a suspension of up to four months. The Special Master, who recommended acceptance of both prior petitions, recommends acceptance of this petition as well, with the imposition of a four-month suspension. As before, however, in light of the gravity of Kirby's admitted misconduct, we again find that the proposed discipline is insufficient, and we therefore reject the petition.

Regarding the facts of the underlying matters and the circumstances surrounding Kirby's misconduct, we have previously recounted as follows:

> With regard to State Disciplinary Board Docket ("SDBD") No. 6926, Kirby admits that he was retained in 2014 to represent a client in a child-support modification action and was paid $375. He filed the modification action, albeit later than he promised. When a motion for contempt was filed against his client, Kirby failed to appear at a 2016 hearing on the motion. The client was held in contempt for failing to pay child support and had income deduction orders entered against her. Kirby failed to respond to the client's multiple requests for information and failed to perform necessary work on the matter. Kirby admits that by this behavior he violated

Rules 1.2, 1.3, and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

With regard to SDBD No. 6977, Kirby admits that a client retained him in 2012 to defend her against criminal charges. After the client was convicted, Kirby advised her to seek appointed counsel for the appeal but failed to file a notice of withdrawal even though he had no plans to represent her. Although Kirby gave a copy of his file to the client's family, he failed to respond to new counsel's request for a copy of his file after counsel was appointed in July 2015. New counsel filed a motion in March 2016 to compel Kirby to produce his file, but Kirby failed to respond. Kirby admits that by his conduct he violated Rules 1.4 and 1.16.

With regard to SDBD No. 6978, Kirby admits that in February 2014 he was retained to represent a client in divorce proceedings. After a March 2015 mediation, the client refused to sign a negotiated agreement and informed Kirby that he wished to retain new counsel. Kirby gave the client a copy of his file and told the client that he was withdrawing. But he failed to file a notice of withdrawal with the court and failed to communicate with the client. As a result of Kirby's failure to withdraw properly, the client was unable to retain another attorney. Kirby admits that by this conduct he violated Rules 1.4 and 1.16.

Finally, with regard to SDBD No. 6979, Kirby admits that in 2011 a client hired him to file an uncontested divorce and paid him a $700 retainer. Although Kirby filed the petition for divorce in January 2012, he stopped communicating with the client and did not perform any additional work on the case until July 2013, when the parties negotiated and signed an agreement. Kirby prepared a final judgment and decree

but did not file it with the court because the court required the parties to attend a seminar for divorcing parents. Although Kirby informed the client of this requirement, the client did not attend the seminar. In February 2016, the client notified Kirby that he was terminating Kirby's services. Kirby failed to send the client his file, although he had promised to do so, and he did not properly withdraw from the representation. Kirby failed thereafter to respond to the client's inquiries and requests for a refund. Kirby admits that this conduct amounted to violations of Rules 1.2, 1.3, 1.4, and 1.16.

. . .

[In connection w]ith his petition for voluntary discipline, Kirby submitted under seal the March 2018 report of a psychologist who performed [an] evaluation and found Kirby to be fit to practice law. Generally speaking, the psychologist's report discusses Kirby's statements regarding particular stress he was under, including the 2012 death of his father, an attorney with whom he shared office space, and the 2016 death of his mother. The psychologist noted various challenges Kirby faced in managing his practice and his stress. The psychologist made specific mental health recommendations but also expressed a concern about whether Kirby would follow through with his stated plans for personal and professional improvement. Kirby's petition for voluntary discipline provides no indication that he is following the psychologist's recommendations.

*Kirby II*, 307 Ga. at 317-318, quoting *Kirby I*, 304 Ga. at 628-630. In examining Kirby's second petition, we noted:

The facts remain largely the same, although Kirby has included greater detail, including highlighting some of the difficulties he faced in representing the clients in these matters. In addition, he filed, under seal, a February 2019 letter from a licensed psychologist, confirming that Kirby "is currently under [his] care," and a personal statement by Kirby, in which he seeks to more fully explain the circumstances that led to these disciplinary matters. Kirby states that he has changed the scope and focus of his practice and that words cannot express the disappointment he has had in himself for his poor decision making, but that he is thankful that this process has led him to seek therapy and to gain some peace with the death of his parents.

*Kirby II*, 307 Ga. at 318-319.

The current petition is virtually identical in substance to the second petition, with a few updates. Specifically, Kirby reports on his efforts to improve his legal practice management skills — having implemented the use of practice management software and recently attended a "Small Firm Boot Camp" CLE — as well as his continued participation in psychological counseling. With his petition, Kirby has submitted two letters from psychological experts, both expressing the view that Kirby is fit to practice law without limitation, and one noting Kirby's demonstrated improvement in

handling his practice and managing stress. Kirby also notes that all of the misconduct at issue here occurred during the period between 2011 and 2016 and that no additional grievances have been filed since that time.

In his report and recommendation, the Special Master notes that the facts are "essentially unchanged from [his] prior reports," reaffirms his prior conclusions, and cites the same mitigating and aggravating factors as before.[1] While acknowledging the cases cited by Kirby and the State Bar in support of a reprimand or short suspension, the Special Master also notes the cases we cited in *Kirby II*, in which this Court imposed suspensions of four or six months for similar misconduct and violations. See *In the Matter of Johnson*, 303 Ga. 795 (815 SE2d 55) (2018) (six-month suspension for violations of Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 (a) in

---

[1] Specifically, in mitigation, the Special Master noted the absence of a dishonest or selfish motive; personal or emotional problems; restitution; remorse; and Kirby's efforts to enhance his psychological well-being and improve his practice management skills. In aggravation, the Special Master cited the multiplicity of violations; the pattern of misconduct; and a prior Investigative Panel reprimand, imposed in 2016.

connection with seven client matters); *In the Matter of Brantley*, 299 Ga. 732 (791 SE2d 783) (2016) (180-day suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.5 (c) (1), 1.16 (d), 5.5 (a), 8.1, and 9.3 in connection with five disciplinary matters); *In the Matter of Buckley*, 291 Ga. 661 (732 SE2d 87) (2012) (four-month suspension for violations of Rules 1.3, 1.4, and 1.16 (d) in connection with one client matter, where lawyer had three prior disciplinary sanctions for similar conduct); *In the Matter of Huggins*, 291 Ga. 92 (727 SE2d 500) (2012) (six-month suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16, and 9.3 in connection with five client matters). Noting that the Court has twice rejected Kirby's proposed discipline and its rationale therefor, the Special Master concludes that a four-month suspension is an appropriate level of discipline.

While all indicators reflect that Kirby has taken the necessary steps to address the mental health and practice management problems that contributed to his misconduct, we are troubled that Kirby continues to insist on the appropriateness of sanctions that

this Court has already rejected.  And while the upper limit of what Kirby has declared himself "willing to accept" — a four-month suspension — has been held to be an acceptable sanction in two other cases with similar rule violations, both of those cases involved misconduct committed in only a single client matter.  *Buckley*, 291 Ga. at 662; *In the Matter of Norton*, 279 Ga. 31 (608 SE2d 614) (2005) (120-day suspension, where attorney was already under suspension for prior misconduct, for violation of Rules 1.3 and 3.2 in connection with neglect of single client matter).  Far more commonly, cases involving multiple violations of similar rules committed in connection with multiple client matters have yielded suspensions of at least six months in length.  See, e.g., *Johnson*, 303 Ga. at 799-800; *Brantley*, 299 Ga. at 735; *In the Matter of Jones*, 292 Ga. 310 (736 SE2d 432) (2013) (six-month suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 3.2, and 3.5 (c) in connection with three client matters, where attorney had prior disciplinary history but expressed remorse and, as conditions of reinstatement, would take steps to treat psychological issues and

make restitution); *In the Matter of Calomeni*, 293 Ga. 673 (748 SE2d 926) (2013) (six-month suspension for violations of Rules 1.2, 1.15 (I), and 5.3 (d) in connection with two client matters); *Huggins*, 291 Ga. at 93; *In the Matter of Elkins*, 284 Ga. 670 (670 SE2d 783) (2008) (six-month suspension for violations of Rules 1.3 and 1.4 in connection with two client matters, where attorney had prior disciplinary history but expressed remorse); *In the Matter of Pilgrim*, 279 Ga. 553 (615 SE2d 509) (2005) (six-month suspension for violations of Rule 1.3 in connection with two client matters, where attorney had prior disciplinary history but was remorseful and had no dishonest or selfish motive). See also *In the Matter of Anderson*, 294 Ga. 615 (755 SE2d 204) (2014) (one-year suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.16 (d), and 9.2 in connection with three matters; attorney had no prior disciplinary history, had suffered from alcohol addiction at the time of his misconduct, was undergoing treatment therefor, was remorseful, and agreed to make restitution). Our precedent also includes numerous cases in which six-month suspensions have been

imposed for similar violations involving only a single client matter, where the aggravating circumstances so warranted. See, e.g., *In the Matter of Sakas*, 301 Ga. 49 (799 SE2d 157) (2017) (six-month suspension for violation of Rule 1.3 in a single matter, where client was harmed and attorney had three prior disciplinary sanctions and substantial experience in the practice of law); *In the Matter of Graziano*, 299 Ga. 7 (785 SE2d 537) (2016) (six-month suspension with conditions for violations of Rules 1.3, 1.4, and 1.16 in a single matter, which resulted in dismissal of client's suit and judgment against her on counterclaim); *In the Matter of Ellison*, 280 Ga. 303 (627 SE2d 25) (2006) (six-month suspension for violations of Rules 1.3, 1.4 and 1.16 (d) in a single matter, where attorney had two prior disciplinary sanctions and refused to acknowledge the wrongful nature of his conduct).

In light of the pattern of misconduct at issue, assessed against the backdrop of the above precedent, we conclude that the proposed discipline is insufficient, and we therefore reject Kirby's petition.

*Petition for voluntary discipline rejected.   All the Justices concur.*

Decided September 8, 2020.

Petition for voluntary discipline.
*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.
*Warren R. Hinds*, for Kirby.