312 Ga. 341
FINAL COPY

S21Y1075. IN THE MATTER OF WILLIAM LESLIE KIRBY III.

PER CURIAM.

This is the fourth appearance of this disciplinary matter before us, following the rejection of three previous petitions for voluntary discipline. See *In the Matter of Kirby*, 304 Ga. 628 (820 SE2d 729) (2018) ("*Kirby I*"); *In the Matter of Kirby*, 307 Ga. 316 (835 SE2d 637) (2019) ("*Kirby II*"); *In the Matter of Kirby*, 309 Ga. 826 (848 SE2d 429) (2020) ("*Kirby III*"). In this fourth petition, William Leslie Kirby III (State Bar No. 220475) again seeks voluntary discipline in connection with his admitted misconduct in four separate State Bar matters, constituting violations of Rules 1.2, 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). We first rejected the proposed imposition of a State Disciplinary Review Board reprimand, then rejected a proposed 30-day suspension, and finally rejected a four-month suspension, concluding that each proposed sanction was insufficient given the

gravity of Kirby's pattern of misconduct. In the current petition, Kirby requests the imposition of a six-month suspension. The Special Master, who recommended acceptance of each of the three prior petitions, recommends acceptance of this petition as well, with the imposition of a six-month suspension. As explained more below, we accept the six-month suspension Kirby requests and the Special Master recommends.

Regarding the facts of the underlying matters and the circumstances surrounding Kirby's misconduct, we have previously recounted that:

> With regard to State Disciplinary Board Docket ("SDBD") No. 6926, Kirby admits that he was retained in 2014 to represent a client in a child-support modification action and was paid $375. He filed the modification action, albeit later than he promised. When a motion for contempt was filed against his client, Kirby failed to appear at a 2016 hearing on the motion. The client was held in contempt for failing to pay child support and had income deduction orders entered against her. Kirby failed to respond to the client's multiple requests for information and failed to perform necessary work on the matter. Kirby admits that by this behavior he violated Rules 1.2, 1.3, and 1.4 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).

2

With regard to SDBD No. 6977, Kirby admits that a client retained him in 2012 to defend her against criminal charges. After the client was convicted, Kirby advised her to seek appointed counsel for the appeal but failed to file a notice of withdrawal even though he had no plans to represent her. Although Kirby gave a copy of his file to the client's family, he failed to respond to new counsel's request for a copy of his file after counsel was appointed in July 2015. New counsel filed a motion in March 2016 to compel Kirby to produce his file, but Kirby failed to respond. Kirby admits that by his conduct he violated Rules 1.4 and 1.16.

With regard to SDBD No. 6978, Kirby admits that in February 2014 he was retained to represent a client in divorce proceedings. After a March 2015 mediation, the client refused to sign a negotiated agreement and informed Kirby that he wished to retain new counsel. Kirby gave the client a copy of his file and told the client that he was withdrawing. But he failed to file a notice of withdrawal with the court and failed to communicate with the client. As a result of Kirby's failure to withdraw properly, the client was unable to retain another attorney. Kirby admits that by this conduct he violated Rules 1.4 and 1.16.

Finally, with regard to SDBD No. 6979, Kirby admits that in 2011 a client hired him to file an uncontested divorce and paid him a $700 retainer. Although Kirby filed the petition for divorce in January 2012, he stopped communicating with the client and did not perform any additional work on the case until July 2013, when the parties negotiated and signed an agreement. Kirby prepared a final judgment and decree but did not file it with the court because the court required the parties to

3

attend a seminar for divorcing parents. Although Kirby informed the client of this requirement, the client did not attend the seminar. In February 2016, the client notified Kirby that he was terminating Kirby's services. Kirby failed to send the client his file, although he had promised to do so, and he did not properly withdraw from the representation. Kirby failed thereafter to respond to the client's inquiries and requests for a refund. Kirby admits that this conduct amounted to violations of Rules 1.2, 1.3, 1.4, and 1.16.

. . .

[In connection w]ith his petition for voluntary discipline, Kirby submitted under seal the March 2018 report of a psychologist who performed [an] evaluation and found Kirby to be fit to practice law. Generally speaking, the psychologist's report discusses Kirby's statements regarding particular stress he was under, including the 2012 death of his father, an attorney with whom he shared office space, and the 2016 death of his mother. The psychologist noted various challenges Kirby faced in managing his practice and his stress. The psychologist made specific mental health recommendations but also expressed a concern about whether Kirby would follow through with his stated plans for personal and professional improvement. Kirby's petition for voluntary discipline provides no indication that he is following the psychologist's recommendations."

*Kirby II*, 307 Ga. at 317-318 (quoting *Kirby I*, 304 Ga. at 628-630).

As to Kirby's second petition, we noted:

4

"The facts remain largely the same, although Kirby has included greater detail, including highlighting some of the difficulties he faced in representing the clients in these matters. In addition, he filed, under seal, a February 2019 letter from a licensed psychologist, confirming that Kirby 'is currently under [his] care,' and a personal statement by Kirby, in which he seeks to more fully explain the circumstances that led to these disciplinary matters. Kirby states that he has changed the scope and focus of his practice and that words cannot express the disappointment he has had in himself for his poor decision making, but that he is thankful that this process has led him to seek therapy and to gain some peace with the death of his parents."

*Kirby III,* 309 Ga. at 828-829 (quoting *Kirby II*, 307 Ga. at 318-319).

In considering Kirby's third petition, in which he again requested the imposition of a State Disciplinary Review Board reprimand, but in which he also stated that he was "willing to accept" a suspension of up to four months, we noted that, "[w]hile all indicators reflect that Kirby has taken the necessary steps to address the mental health and practice management problems that contributed to his misconduct," we were troubled by Kirby's attempt to seek discipline already rejected by this Court. *Kirby III,* 309 Ga. at 830. Furthermore, we concluded that the four-month suspension

5

that Kirby declared himself "willing to accept" was insufficient, as "[f]ar more commonly, cases involving multiple violations of similar rules committed in connection with multiple client matters have yielded suspensions of at least six months in length." Id.

Having considered the record, and making note that Kirby has abandoned his attempt to seek discipline already rejected by this Court, we agree that a six-month suspension is the appropriate sanction in this matter. See, e.g., *In the Matter of Johnson*, 303 Ga. 795, 799-800 (815 SE2d 55) (2018) (six-month suspension for violations of Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 (a) in connection with seven client matters); *In the Matter of Brantley*, 299 Ga. 732, 735 (791 SE2d 783) (2016) (180-day suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.5 (c) (1), 1.16 (d), 5.5 (a), 8.1, and 9.3 in connection with five disciplinary matters); *In the Matter of Jones*, 292 Ga. 310, 310-311 (736 SE2d 432) (2013) (six-month additional suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 3.2, and 3.5 (c) in connection with three client matters, where attorney had prior

6

disciplinary history but expressed remorse and, as conditions of reinstatement, would take steps to treat psychological issues and make restitution); *In the Matter of Calomeni*, 293 Ga. 673, 673 (748 SE2d 926) (2013) (six-month suspension for violations of Rules 1.2, 1.15 (I), and 5.3 (d) in connection with two client matters); *In the Matter of Huggins*, 291 Ga. 92, 93 (727 SE2d 500) (2012) (six-month suspension with conditions for reinstatement for violations of Rules 1.3, 1.4, 1.15 (I), 1.15 (II), 1.16, and 9.3 in connection with five client matters).

Accordingly, we hereby order that Kirby be suspended from the practice of law in this State for six months. Because there are no conditions on Kirby's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms six months later. Kirby is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted. Six-month suspension. All the Justices concur.*

Decided August 24, 2021.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Warren R. Hinds*, for Kirby.