In the Supreme Court of Georgia

Decided:    April 26, 2016

S16Y0838.  IN THE MATTER OF GAYLE S. GRAZIANO.

PER CURIAM.

This disciplinary matter is before the Court on special master J. Raymond Bates, Jr.'s report and recommendation in which he recommends that this Court accept the petition for voluntary discipline filed by Respondent Gayle S. Graziano (State Bar No. 306650) and impose a six-month suspension with conditions as discipline for her admitted violation of Rules 1.3, 1.4, and 1.16 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Graziano's petition was filed pursuant to Bar Rule 4-227 (c), after the State Bar filed a Formal Complaint. As the Bar has no objection, we agree that the recommended discipline is appropriate.

According to the record, Graziano agreed to represent a client in a dispute with a contractor over work being performed at the client's home. Eventually, Graziano filed a suit on behalf of the client and the contractor counterclaimed. On March 30, 2013, Graziano closed her law office and advised her clients,

including the client involved in this matter, to obtain new counsel. As this client declined to do so, Graziano appeared on the client's behalf at the trial of the matter in June 2013, but the trial ended in a mistrial after the client made statements to the opposing party intentionally within earshot of several jurors selected to hear the case. Approximately ten days later, Graziano advised the client to seek other counsel since Graziano anticipated being called as a witness concerning the mistrial and its cause, but the client again failed to do so. Graziano and the client then discussed whether to drop the case, but the client was adamant about wishing to proceed to a second trial. On September 23, 2013, Graziano began a month-long leave of absence that she had requested for health reasons. On October 1, 2013, opposing counsel e-mailed to Graziano a Motion for Contempt for Attorney Fees, which had been filed on September 25, 2013 in the client's case seeking to recover for fees incurred at the aborted trial. No hearing notice was included in the e-mail, but Graziano received prior notice of a pre-trial conference which had been scheduled for November 1, 2013. Graziano told opposing counsel that she was attending to a terminally ill aunt, and had been unable to reach her client, but that she would try to address the issues in the case. On October 29, 2013, Graziano mailed the client a letter

2

advising that she needed to withdraw due to health reasons, but that she would stay on the case until the client could obtain new counsel. Graziano included a copy of the contempt motion, but gave no indication of the upcoming pre-trial conference.

On October 31, 2013, Graziano reached the client by telephone and told her about her aunt's critical condition and imminent passing and advised the client to go to court on November 1st to explain Graziano's absence and to request a continuance or to obtain other counsel. Graziano also spoke to opposing counsel, telling her of the situation with her aunt and advising that her client would be in court alone the next day. Although Graziano was out of town from October 31, 2013 through December 10, 2013 attending to her aunt until her death and thereafter administering her aunt's affairs, she did not submit a formal request for leave of absence. Neither Graziano nor the client appeared in court on November 1st and the court granted opposing counsel's motion to dismiss the complaint and entered a Rule Nisi setting a hearing for December 6th on the counterclaim and the contempt motion. Opposing counsel sent an e-mail to Graziano on November 11th with notice of the dismissal and Rule Nisi, but neither Graziano nor the client appeared on December 6th and the court

3

entered judgment against the client for $14,075 on the counterclaim ($4,125 of the judgment was for attorney fees on the mistrial/contempt motion). On December 12th Graziano received the dismissal order, which she contends was her first indication that the client had failed to appear on November 1st. Although Graziano then sent the client a letter advising her that her case had been dismissed, and that she had 30 days to appeal, Graziano acknowledges that the 30 days had already expired. On December 18th Graziano underwent additional surgery and in January 2014, she withdrew from the client's case at the client's request.

Based on these facts, Graziano admitted that she was negligent in not seeing e-mails and in failing to follow up with opposing counsel and the court to protect her client's interest, that she did not act with reasonable diligence in this matter, and that she therefore violated Rules 1.3, 1.4 and 1.16. Although the maximum sanction for a single violation of Rule 1.3 is disbarment, Graziano highlighted various factors in mitigation and requested a Review Panel reprimand, but she agreed to accept up to a one-year suspension as discipline for her actions. The State Bar argued that, given the harm suffered by Graziano's client, a suspension of at least six months with conditions on reinstatement is a

4

more appropriate discipline.

Due to the absence of any indication in the record as to the strength of the client's case or the basis for the award of attorney fees, we find no particular factors in aggravation of discipline. We note in mitigation, however, that Graziano has no prior disciplinary history, that she has been cooperative throughout these disciplinary matters, that throughout the relevant time frame she was dealing with personal health problems and with the sickness and eventual death of a close family member for whom she was responsible physically and financially, that she is remorseful for her failure to handle the client's matter with more diligence, and that she is willing to pay $2,000 to help alleviate any harm suffered by her client.

Accordingly, we agree with the recommendation of the special master and therefore accept Graziano's petition for voluntary discipline, finding that the appropriate discipline for her violations is a six-month suspension with her reinstatement conditioned on payment of $2,000 to her client. At the conclusion of the suspension imposed in this matter, Graziano may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that she has met the condition on reinstatement. If the State Bar agrees that the condition has been

met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Graziano is reminded of her duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Six-month suspension with conditions. All the Justices concur.