313 Ga. 695
FINAL COPY

S22Y0748. IN THE MATTER OF REGINALD J. LEWIS.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by respondent Reginald J. Lewis (State Bar No. 451251) before the issuance of a Formal Complaint. See Bar Rule 4-227 (b). In his petition, Lewis, who has been a member of the State Bar of Georgia since 2002, agrees to accept the imposition of a six-month suspension as discipline for his admitted violations, in three separate client matters, of the Georgia Rules of Professional Conduct ("GRPC") found in Bar Rule 4-102 (d). The State Bar has responded to Lewis's petition, recommending that the Court accept the discipline proposed, and we agree to do so.

With regard to State Disciplinary Board Docket ("SDBD") No. 7522, Lewis admits that on August 22, 2018, a client hired the law firm he worked for to represent her in connection with a personal injury case; that the case was assigned to Lewis in January 2019,

but he did not perform any work on the case or communicate with the client; that, in September 2019, he notified the client by letter that he was no longer representing her; and that the client then requested her client file, but he failed to return it. By these actions, Lewis admits that he violated Rules 1.3, 1.4, and 1.16 (d) of the GRPC.

With regard to SDBD No. 7523, Lewis admits that in January 2016, another client hired the law firm Lewis worked for to represent her in a personal injury matter; that her case was assigned to Lewis; that on May 8, 2017, he filed a statement of claim on behalf of that client in the Magistrate Court of Fulton County; that the parties consented to transferring the case to the State Court of Fulton County; that, after the transfer, he performed no additional work on the client's case and failed to communicate with her; and that in July 2018, he filed a dismissal without prejudice of the client's case, but did not advise the client that he had done so. Lewis admits that in this matter, he violated Rules 1.2, 1.3, and 1.4 of the GRPC.

Finally, with regard to SDBD No. 7524, Lewis admits that a third client retained him to represent her in connection with a personal injury matter; that on August 22, 2014, he filed a lawsuit on that client's behalf; that when the case was put on a calendar call for April 26, 2017, he failed to appear and the court therefore dismissed the case without prejudice; that he did not notify the client of the dismissal; that he attempted to file a renewal action, but missed the deadline by a week; that he did not inform the client of the error; that in January 2018, the defendant filed a motion to dismiss the renewal action as untimely; that he neither informed the client of the motion, nor responded to it; and that, although the trial court granted the motion in April 2018, he failed to inform the client about the dismissal of her action. Lewis admits that in this matter, he violated Rules 1.1, 1.2, 1.3, 1.4, and 3.2 of the GRPC.

Although Lewis acknowledges that the maximum penalty for a single violation of Rules 1.1, 1.2, and 1.3 is disbarment,[1] he asserts

---

[1] A public reprimand is the maximum penalty for a violation of Rules 1.4, 1.16 (d), and 3.2.

in mitigation that he has no prior disciplinary record; that he lacked a dishonest or selfish motive; that he has been cooperative during these disciplinary proceedings; and that he is remorseful. See ABA Standards for Imposing Lawyer Sanctions (1992), Standard 9.32 (a), (b), (e), and (l). Lewis admits no factors in aggravation of discipline and requests that this Court impose a six-month suspension for his multiple violations of the GRPC.

In its response, the State Bar asserts that Lewis's petition contains admissions of fact sufficient to authorize the imposition of the discipline he has requested; that the Bar believes that the requested discipline meets this Court's previously stated objectives for the imposition of discipline in that it will serve "as a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession," *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981); and that under the ABA Standards, which this Court has stated are instructive in considering discipline, see *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996), a suspension is generally

4

appropriate when, as here, a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client or when a lawyer engages in a pattern of neglect and causes injury or potential injury to a client. See ABA Standard 4.42. The Bar accepts all of the mitigating factors identified by Lewis, but asserts in aggravation that Lewis committed multiple offenses, that he engaged in a pattern of misconduct, and that he has substantial experience in the practice of law. See ABA Standard 9.22 (c), (d), and (i). Nevertheless, the Bar urges this Court to accept Lewis's petition and impose a six-month suspension, asserting that similar cases have resulted in similar discipline. See *In the Matter of Kirby*, 312 Ga. 341 (862 SE2d 550) (2021) (six-month suspension for attorney who violated Rules 1.2, 1.3, 1.4, and 1.16 in four separate matters); *In the Matter of Johnson*, 303 Ga. 795 (815 SE2d 55) (2018) (six-month suspension for attorney who violated Rules 1.3, 1.4, 1.5, 1.15 (I), 1.16 (d), and 5.5 in seven separate matters); *In the Matter of Huggins*, 291 Ga. 92 (727 SE2d 500) (2012) (six-month suspension with conditions for attorney who violated Rules 1.3, 1.4, 1.15 (I) and

(II), 1.16, and 9.3 in connection with five client matters); and *In the Matter of Graziano*, 299 Ga. 7 (785 SE2d 537) (2016) (six-month suspension with conditions for attorney who violated Rules 1.3, 1.4, and 1.16).

We have reviewed the record and, in light of the mitigating factors present in this case, including particularly the absence of any prior disciplinary history, we agree that a six-month suspension is an appropriate sanction for Lewis's violations. Accordingly, we hereby order that Lewis be suspended from the practice of law in this State for six months.[2] Because there are no conditions on Lewis's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension based on this opinion will take effect as of the date this opinion is issued and will expire by its own terms six

[2] During the term of the suspension, we urge Lewis to utilize the State Bar's Law Practice Management Program and other resources designed to prevent a future failure to meet the professional obligations of a Georgia lawyer.

months later. Lewis is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Petition for voluntary discipline accepted. Six-month suspension. All the Justices concur.*

Decided May 3, 2022.

Suspension.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.