NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 28, 2025

S25Y0207.  IN THE MATTER OF NATHANIEL WATSON COCHRAN.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the State Disciplinary Review Board (the "Review Board"), which reviewed the report and recommendation of the Special Master, Patrick H. Head, at the request of Nathaniel Watson Cochran (State Bar No. 172515), who has been a member of the State Bar since 2002. The Special Master concluded that Cochran, who is in default, violated Rules 1.3 and 1.4 of the Georgia Rules of Professional Conduct ("GRPC" or the "Rules") found in Bar Rule 4-102 (d) and recommended a one-year suspension based on his abandonment of a single client (hereinafter the "Grievant"). A maximum penalty for a violation of Rule 1.3 is disbarment, while

the maximum penalty for a violation of Rule 1.4 is a public reprimand. The Review Board purported to adopt the Special Master's findings of fact and conclusions of law, but recommends that Cochran receive a six-month suspension. Cochran has not filed any exceptions to the Review Board's report, and the matter is now ripe for this Court's consideration. Having reviewed the record, and for the reasons discussed below, we reject that recommendation of the Review Board and, instead, agree with the Special Master that a one-year suspension is warranted.

A. *Procedural History*.

The record shows that in August 2023, the State Bar filed a formal complaint against Cochran for violating Rules 1.3 and 1.4. A Special Master was appointed, and while Cochran acknowledged service of the Formal Complaint and the appointment of a Special Master, he did not otherwise respond and file an answer, or request an extension of time to file an answer. Accordingly, the State Bar filed a motion for default, which was granted in January 2024. After the Special Master emailed a copy of the proposed final report and

recommendation to the State Bar, counsel for the State Bar contacted the Special Master, indicating that he had been in communication with Cochran and that there might be mitigating circumstances in the case. Thereafter, Cochran emailed the Special Master and included a release showing that he had paid the Grievant $7,750 as full settlement for any claims she had against him, despite being advised that if he wanted a hearing on mitigation evidence, he should file a motion. Nevertheless, a hearing was held on mitigating and aggravating circumstances, and both the Grievant and Cochran testified. The Special Master then issued his final report and recommendation.

B. *Special Master's Findings of Fact and Conclusions of Law*.

By default, Cochran admitted to the following findings of fact. Cochran agreed to represent the Grievant, on April 24, 2020, regarding a dispute she had with a contractor she had hired for home construction matters. Cochran was paid $4,500 as a retainer. He advised the Grievant that he would send a demand letter to the contractor, and if necessary, file a lawsuit against the contractor.

Cochran then prepared the letter and had the Grievant review it. However, a copy of the letter purportedly sent to the contractor was not provided to the Grievant. Two months later, Cochran told the Grievant that the contractor had failed to respond to the demand letter and that he would file suit against the contractor in the next few days. When the Grievant attempted to contact Cochran for information related to the case, he failed to respond.

In May 2021, Cochran admitted to the Grievant that he had still not filed the lawsuit but would do so within the next month. However, the Grievant has never received a copy of the purportedly filed lawsuit and when she again attempted to contact Cochran for updates regarding the status of her case, those requests for information were ignored. In October 2021, the Grievant terminated Cochran from his representation of her. She then repeatedly asked Cochran to refund the retainer that was paid to him in 2020, but Cochran neither provided the refund nor an accounting of the retainer fee. Cochran also failed to provide the Grievant with a copy of her file. The Grievant then had to file a civil action against

Cochran to recover the unearned fees she paid Cochran as well as the attorney fees incurred.

Based on Cochran's conduct, the Special Master concluded that he violated Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client) and Rule 1.4 (a) (lawyer shall reasonably consult with the client about the means by which the client's objectives are to be accomplished; keep the client reasonably informed about the status of the matter; and promptly comply with reasonable requests for information).

C. *Consideration of the ABA Standards and Recommendation of Discipline.*

The Special Master turned to the ABA Standards for Imposing Lawyer Sanctions of the American Bar Association, which this Court uses for guidance to decide the appropriate level of discipline. See *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996). In particular, the Special Master noted that ABA Standard 3.0 provides that a court should consider the duty violated, the lawyer's mental state, the actual or potential injury caused by the lawyer's

5

misconduct, and the existence of aggravating or mitigating circumstances. The Special Master then concluded that under ABA Standard 4.42, a suspension is generally appropriate when a lawyer fails to perform services for a client or engages in a pattern of neglect that causes serious or potentially serious injury to a client.

As for mitigation, the Special Master considered that there was nothing to suggest that Cochran had a dishonest or selfish motive; rather, he just ignored and abandoned his client. At the hearing on mitigation and aggravation, Cochran testified that at the time of representation, he contracted Covid-19 and that his father and father-in-law had also contracted the virus, and that because of trying to help them and himself, it became difficult to get everything done for which he was responsible.

In terms of aggravation, the Special Master concluded that Cochran had a prior disciplinary offense in the form of a Letter of Admonition in 2023 for violations of Rules 1.3 and 1.4, and that this showed a pattern of misconduct. Moreover, the Special Master found that Cochran had substantial experience in the practice of law, given

he has been a member of the State Bar since 2002, and he served as an Assistant Magistrate Judge from 2018 to 2023. Finally, the Special Master found that he failed to comply in these disciplinary proceedings, given he did not respond to the Formal Complaint after acknowledging service. The Special Master also found it concerning that Cochran testified, "he did not know what to do when he received the Motion for Default, and so did nothing."

The Special Master then noted that in prior, similar cases, this Court has imposed a six-month suspension. See *In the Matter of Lewis*, 313 Ga. 695 (872 SE2d 693) (2022) (accepting petition for voluntary discipline and imposing six-month suspension for violations of Rules 1.3, 1.4, and 1.16 (d) in three separate matters, where attorney presented mitigating evidence, including cooperation with disciplinary proceedings); *In the Matter of Kirby*, 312 Ga. 341 (862 SE2d 550) (2021) (accepting fourth petition for voluntary discipline and imposing six-month suspension for violating Rules 1.2, 1.3, 1.4, and 1.16 in four separate matters, where attorney offered mitigating evidence including that he had

taken steps to address mental health and practice management problems that led to his misconduct); *In the Matter of Johnson*, 303 Ga. 795 (815 SE2d 55) (2018) (accepting petition for voluntary discipline and imposing a six-month suspension for violating Rules 1.3, 1.4, 1.6, 1.15 (I), 1.16 (d) and 5.5 in seven separate matters, where there were significant mitigating circumstances); *In the Matter of Huggins*, 291 Ga. 92 (727 SE2d 500) (2012) (accepting petition for voluntary discipline and imposing six-month suspension for violations of Rules 1.3, 14., 1.15 (I) and (II), 1.16, and 9.3 in connection with five client matters, where significant mitigating circumstances existed); *In the Matter of Graziano*, 299 Ga. 7 (785 SE2d 537) (2016) (accepting petition for voluntary discipline and imposing six-month suspension for violations of Rules 1.3, 1.4, and 1.16).

In the instant case, the Special Master recognized that Cochran committed fewer violations of the GRPC than did the attorneys in the cases cited, but noted that in those cases the attorneys admitted culpability, cooperated with the disciplinary

8

authorities, offered mitigating evidence, filed petitions for voluntary discipline, and expressed remorse. Here, the Grievant had to file a civil action to recover restitution, there was very little mitigation offered, Cochran only partially cooperated with the disciplinary authorities, he only expressed remorse at the mitigation and aggravation hearing, and he failed to respond to the Formal Complaint and the Motion for Default. Therefore, considering all the facts and circumstances, the relevant ABA Standards, the Rule violations, and this Court's precedent, the Special Master recommended that Cochran receive a one-year suspension. In doing so, the Special Master recognized that this was a longer suspension than in *Johnson*, supra – the most egregious of the cases cited above – but there Johnson filed a petition for voluntary discipline and there were significant mitigating circumstances. In sum, the Special Master was of the opinion that recommending a six-month suspension would be unjust considering what the other attorneys did in addressing the grievances filed against them for violations of the GRPC, and that attorneys should do all that is possible to

demonstrate their understanding of just how important a grievance is against them.

D. *Cochran's Exceptions and the State Bar's Response.*

Cochran filed exceptions to the Special Master's report and requested review by the Review Board. He generally contended that while he abandoned his client, his successful efforts at coming to a settlement with the Grievant together with his remorse suggested that a six-month suspension with conditions that he complete a Law Practice Management audit and comply with its recommendations and that he complete an appropriate CLE course of study on the lawyer's duty to the client was the appropriate level of discipline.

The State Bar responded that it maintained its position that a six-month suspension would be appropriate but disagreed that a one-year suspension would be excessive. The State Bar pointed out that with respect to abandonment cases, this Court has imposed sanctions ranging from reprimand to disbarment. See, e.g., *In the Matter of Moore*, 303 Ga. 296 (811 SE2d 343) (2018) (on notice of discipline, disbarring attorney who was in default and abandoned

10

six clients and demonstrated pattern of misconduct); *In the Matter of Jones-Lewis*, 287 Ga. 581 (697 SE2d 836) (2010) (on petition for voluntary discipline, imposing a review panel reprimand on lawyer who abandoned eight clients). See also *In the Matter of Golub*, 313 Ga. 686 (872 SE2d 699) (2022) (on special master's report and recommendation, imposing a one-year suspension with condition to repay client, for attorney who charged a fee of $7,500 and then delayed and abandoned client's matter).

E. *Review Board's Report and Recommendation.*

After a review of the record and evidence presented, the Review Board concluded that the Special Master's findings of fact and conclusions of law were supported by the record. The Review Board then agreed with the Special Master's analysis of the ABA Standards, including his analysis of the mitigating factors that apply to Cochran. The Review Board also agreed with the Special Master that the Letter of Admonition for the same offenses could show a pattern of misconduct, and that Cochran had substantial experience in law, which were both aggravating factors.

11

Regarding the recommendation of discipline, the Review Board noted that the Special Master found that this case is distinguishable from all of the cases it cited, because the Grievant in this case had to file a lawsuit against Cochran to be reimbursed and the lawyers in those other cases all admitted culpability, cooperated with the disciplinary process, offered mitigating evidence, filed petitions for voluntary discipline, and expressed remorse. However, here, the Review Board found that the record was clear that Cochran admitted culpability, cooperated with the disciplinary process, offered mitigating evidence, paid restitution to the Grievant, and expressed remorse. The Review Board did not consider Cochran's default based on his initial failure to respond in the disciplinary proceedings as an aggravating factor. Accordingly, the Review Board recommended that Cochran be given a six-month suspension from the practice of law and undergo a Law Practice Management Assessment as approved by the State Bar within six months following reinstatement.

F. *Analysis and Conclusion.*

Cochran did not file any exceptions in this Court. Therefore, the matter is now ripe for this Court's consideration. Having reviewed the record and evidence provided in this case, we conclude that a one-year suspension is the more appropriate discipline in this case. We agree with the Review Board that Cochran's default based on his failure to respond to the Formal Complaint and Motion for Default is not, in and of itself, an aggravating factor. Nevertheless, Cochran indisputably violated two provisions of the GRPC, one that carries disbarment as a sanction; and he has prior disciplinary history and substantial experience in the practice of law, both aggravating factors. Moreover, given that his former client had to file a lawsuit against him in order to be reimbursed, it certainly cannot be said that Cochran made a good faith effort to rectify the harm caused by his misconduct or that he took full responsibility for his actions. See *In the Matter of Melnick*, 319 Ga. 730, 738-739 (905 SE2d 645) (2024) (concluding that "[attorney's] payment of money to his client [was] not a mitigating factor because he did not make any good faith effort to make restitution or rectify the consequences of

13

his actions until after his client hired new counsel to investigate a malpractice claim and had filed a grievance with the Bar"). Accordingly, having reviewed the record and evidence presented in these proceedings, Cochran is hereby suspended for one-year from the practice of law. See *In the Matter of Golub*, 313 Ga. at 694-695 (on special master's report and recommendation, imposing a one-year suspension with condition to repay client, for attorney who charged a fee of $7,500 and then delayed and abandoned client's matter). See, e.g., *In the Matter of Jackson*, Case No. S25Y0221, (___ SE2d ___) (Mar. 4, 2025) (on special master's report and recommendation, disbarring attorney who abandoned a single client, violated Rules 1.2 (a), 1.3, and 1.4 (a), and had no prior disciplinary history); *In the Matter of Blain*, 315 Ga. 475 (883 SE2d 315) (2023) (on notice of discipline, disbarring attorney who abandoned a single client, committed violations of Rules 1.2 (a), 1.3, 1.4, and 3.2, and had no prior disciplinary history). After this passage of time, there is no need for Cochran to take any action either through the State Bar or through this Court to effectuate his

14

return to the practice of law. However, we also recommend that Cochran utilize the State Bar's Law Practice Management Program and other resources designed to prevent a future failure to meet the professional obligations of a Georgia lawyer. Cochran is also reminded of his duties pursuant to Bar Rule 4-219 (b).

*One-year suspension. Peterson, CJ, Warren, PJ, and Bethel, Ellington, McMillian, LaGrua, Colvin, and Pinson, JJ, concur.*